UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL BRONSON,  Case No. 1:20-cv-334

    Plaintiff,  Dlott, J.
                                                               Bowman, M.J.
  v.

DEPUTY MONTEZ STRAUGHN,

    Defendant.

**REPORT AND RECOMMENDATION**

**I. Background**

Plaintiff, currently a prisoner at the London Correctional Institution, initiated this pro se civil rights suit on April 28, 2020, alleging that Hamilton County Justice Center Deputy Montez Straughn struck Plaintiff's face multiple times with his closed fist on February 23, 2020, during a time when Plaintiff was incarcerated at the jail.[1]  (Doc. 3).  For relief on his excessive force claim, Plaintiff seeks monetary damages of $6,000. (*Id*.)  Upon initial screening, the undersigned directed service on Defendant Straughn.  (Doc. 4).

On December 22, 2020, Defendant filed an answer "in all capacities," admitting that he worked at the HCJC "at one point" but otherwise denying Plaintiff's claim against him.  (*See* Doc. 16 at ¶¶1-2).  Recently, the Court appointed counsel for Plaintiff for the limited purpose of assisting him in a court-facilitated mediation before Magistrate Judge Karen L. Litkovitz, which mediation is scheduled to occur on June 21, 2021.  (*See* Docs.

---

[1] On July 6, 2020, Plaintiff filed the first of several Notices updating the Court with his current address; thus, it is clear from the record that Plaintiff has not been incarcerated at the jail since at least July 6, 2020. (*See* Docs. 7, 12, 28).

1

27, 30; *see also* Doc. 27 at 1, stating that counsel "is not obligated to conduct any discovery, to prepare or respond to any motions or to participate in the trial of this case."). In the meantime, discovery remains ongoing and is scheduled to conclude on July 20, 2021. (Doc. 18).

On February 28, 2021, Plaintiff filed a motion for a temporary restraining order and for a preliminary injunction relief, seeking injunctive relief against the "defendant, their successors in office, agents and employees[,] and all other persons acting in concert and participation with them" at his "current institution." (Doc. 23 at 2-3). Plaintiff was incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio at the time he filed his motion for a temporary restraining order and injunctive relief. Although Plaintiff complains about multiple conditions of confinement, none of those conditions pertain to the subject matter of this lawsuit. And, despite Plaintiff's repeated references to an unspecified "defendant" along with "their successors" or other personnel, Defendant Straughn is not employed at the Youngstown facility, from which Plaintiff has since been transferred.

**II. Analysis**

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–Fayette Urban Cty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000) (additional citation omitted). These factors

are not prerequisites, but are factors that are to be balanced against each other. *Id.* (citations omitted).  The allegations in Plaintiff's motion are insufficient to show any of these requirements for temporary injunctive relief.  Plaintiff's only claim in this lawsuit is against a former deputy who allegedly used excessive force against Plaintiff during a single incident that occurred at the Hamilton County Justice Center.  Plaintiff was transferred from the county jail not later than July 2020 and has not returned.

Plaintiff's motion does not relate to the sole claim in this case, but to entirely different grievances against unidentified non-parties at a state institution from which Plaintiff has since been transferred.  Ordinarily, the Court will not enjoin non-parties, and will not issue injunctive relief that is entirely unrelated to the Plaintiff's underlying claim. *Sidiq v. Champion*, 2006 WL 1275403 at *2 (W.D. Mich., May 8, 2006) (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).  This case is no exception. Moreover, when an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n. 3 (6th Cir. 1984) ("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities") (internal quotation and citation omitted).

### III.  Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's motion for a temporary restraining order or for preliminary injunctive relief (Doc. 23) be **DENIED**.

 */s Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DANIEL BRONSON, | Case No. 1:20-cv-334 |
| Plaintiff, | Dlott, J. |
| | Bowman, M.J. |
| v. | |
| DEPUTY MONTEZ STRAUGHN, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).