UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL BRONSON,

    Plaintiff,

v.

DEPUTY MONTEZ STRAUGHN,

    Defendant.

Case No. 1:20-cv-334

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff, currently a prisoner at the London Correctional Institution, initiated this pro se civil rights suit on April 28, 2020, alleging that Hamilton County Justice Center Deputy Montez Straughn used excessive force against him on February 23, 2020. (Doc. 3). For relief, Plaintiff sought monetary damages of $6,000. (*Id.*) The Court appointed counsel for Plaintiff for the limited purpose of assisting him in a court-facilitated mediation. (*See* Docs. 26-27, 30). Soon thereafter, the parties reached a tentative settlement. (Minute Order of 6/14/21, vacating court-facilitated mediation date). On August 16, 2021, the parties filed a Stipulation of Dismissal with Prejudice, based on their resolution through a written Settlement Agreement. (Doc. 35).

### II. Plaintiff's Post-Judgment Motions

More than two years later, on October 26, 2023, Plaintiff filed a motion to vacate the judgment and reopen his case, alleging that Defendant has breached the Settlement Agreement in unspecified ways. Defendant filed a response to that motion that includes a copy of the Settlement Agreement, evidence that Defendant paid the agreed-upon

1

$6,000 into Plaintiff's prison account as required, and is not otherwise in breach of the parties' Agreement. (See Doc. 37, including exhibits). Plaintiff's reply memorandum, (Doc. 41), does not refute Defendant's clear and convincing evidence.

Plaintiff filed a new "motion to enforce settlement agreement" on October 27, 2023. (Doc. 40). Defendant filed a response in opposition, to which Plaintiff filed a reply.  (Docs. 42, 43). Plaintiff's new motion, Defendant's response, and Plaintiff's reply are substantively indistinguishable from the briefing on Plaintiff's motion to reopen his case. In short, Plaintiff's new motion to enforce the settlement agreement also should be denied.

### II. Conclusion and Recommendation

Because this case was properly dismissed pursuant to a Settlement Agreement, and Defendant has offered unrebutted proof that he fully complied with the terms of that Agreement, **IT IS RECOMMENDED THAT** Plaintiff's post-judgment motions to reopen this case and/or to enforce the Settlement Agreement (Docs. 36, 40) be **DENIED**.

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

2

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DANIEL BRONSON,                                             Case No. 1:20-cv-334

       Plaintiff,                                       Dlott, J.
                                                              Bowman, M.J.
   v.

DEPUTY MONTEZ STRAUGHN,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).