IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Daniel Bronson, | : | |
| | : | Case No. 1:20-cv-334 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Deputy Montez Straughn, | : | Recommendation and Denying Post- |
| | : | Judgment Motions |
| Defendant. | : | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Stephanie K. Bowman on December 7, 2024. (Doc. 45.) She has recommended that the Court deny two post-judgment Motions (Docs. 36, 40) filed by Plaintiff Daniel Bronson. For the reasons that follow, the Court will **ADOPT** the Report and Recommendation and **DENY** the post-judgment Motions.

**I.**

Plaintiff Daniel Bronson filed a Complaint in May 2020 alleging that Defendant Montez Straughn violated his civil rights by using excessive force against him in prison. (Doc. 3.) In August 2021, the parties filed a Stipulation of Dismissal pursuant to a written settlement agreement following a court mediation. (Doc. 137.) Then, more than two years later, Bronson filed a Motion to Vacate Judgment and Reopen Case and a Motion to Enforce Settlement Agreement asserting that Deputy Straughn had not complied with the settlement agreement. (Docs. 36, 40.) Deputy Straughn opposed both Motions. He filed the written settlement agreement and exhibits demonstrating that he had complied with the agreement by paying Bronson the sum $6,000, which was deposited in Bronson's prison account. (Docs. 37, 42.)

Based on the foregoing filings, the Magistrate Judge issued the Report and Recommendation recommending that the Court deny Bronson's post-judgment Motions. (Doc. 45.) She concluded that Deputy Straughn had offered unrebutted proof that he had complied with the terms of the settlement agreement. (*Id.* at PageID 181.) She also provided Bronson with written notice of his right to file objections to the Report and Recommendation within fourteen days. (*Id.* at PageID 182.)

**II.**

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

**III.**

Bronson did not file objections to the Report and Recommendation. The Court finds no

clear error and agrees with the Magistrate Judge's recommendation to deny the post-judgment Motions.  The undisputed evidence establishes that Straughn satisfied his obligations under the settlement agreement.  There is no cause to reopen the case.

Accordingly, the Report and Recommendation (Doc. 45) is **ADOPTED** and the Motion to Vacate Judgment (Doc. 36) and Motion to Enforce Settlement Agreement (Doc. 40) are **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge